**Cheng HUANG, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

No. 04–3164–ag.

United States Court of Appeals, Second Circuit.

April 11, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, New York, Jo Ann Navickas, John Lenoir, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable JOSÉ A. CABRANES, and Honorable ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 11th day of April, two thousand six.

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DE-NIED.

Petitioner Cheng Huang, through counsel, petitions for review of the May 24, 2004 BIA decision denying his motion to reopen the BIA's December 22, 2003 decision, which dismissed his appeal from an order of the immigration judge ("IJ") de-nying his application for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

An alien seeking to reopen proceedings based on a claim of ineffective assistance of counsel must submit an affidavit that, *inter alia,* "set[s] forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard," and "if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005) (internal quotation marks omitted). In addition, the alien must show that he was prejudiced by his counsel's performance. *See, e.g., Iavorski v. INS,* 232 F.3d 124, 128–29 (2d Cir.2000). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a).

■ In his motion to reopen the BIA's December 22, 2003 decision, Huang contended that he had received ineffective assistance of counsel both in the proceedings before the IJ, because his attorney advised him to withdraw his applications for asylum and withholding of removal, and in the proceedings before the BIA because his attorney failed to file a brief on appeal. The BIA rejected Huang's claim of ineffective assistance in the proceedings before the IJ because Huang had not shown that but for his attorney's causing him to withdraw his applications for asylum and withholding of removal, he would have been granted either of those forms of relief. The BIA pointed to several examples of erroneous, confusing, or implausible testimony by Huang that

would have prevented his applications from being granted. We see no error in the BIA's view of the record, nor any abuse of discretion in its rejection of this ineffective-assistance-of-counsel claim.

 The BIA rejected Huang's claim of ineffective assistance of counsel on appeal because Huang failed to show that his former attorney had ever agreed to prepare a brief on appeal. This finding is supported by the facts, *inter alia*, that more than 10 days before the deadline for filing an appeal to the BIA, Huang filed his appeal "Pro Se" and stated that no written brief would be filed in support of the appeal; and that Huang did not mention a failure to file an appellate brief among the derelictions of duty he attributed to his attorney in his letter to the Disciplinary Committee. We see no abuse of discretion in the BIA's rejection of Huang's claim of ineffective assistance of counsel on his appeal to the BIA.

To the extent that Huang challenges the IJ's underlying order denying his application for CAT relief, his arguments are not properly before us. A petition for review of the denial of a motion to reopen calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reopening is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Huang's petition for review is timely only with respect to the BIA's order denying reopening. We lack jurisdiction to review any other order.

We have considered all of petitioner's contentions that are properly before us

and have found them to be without merit. The petition for review is denied.

Huang's pending motion for a stay of removal is denied as moot.